**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

| | |
|---|---|
| IN RE | |
| JAMES ELESWORTH RISTER and FRANCES LENORA RISTER | CASE NO. 16-21111 |
| DEBTORS | |
| L. CRAIG KENDRICK, TRUSTEE | PLAINTIFF |
| V. | ADV. NO. 16-2010 |
| JAMES ELESWORTH RISTER, *et al.* | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS, DENYING MOTION TO STAY DISCOVERY AS MOOT, AND GRANTING TRUSTEE LEAVE TO AMEND**

This adversary proceeding is before the Court on two motions filed by Defendant Joseph T of C, Co. ("Defendant"): (a) a Motion for Judgment on the Pleadings [ECF No. 19]; and (b) a Motion to Stay Discovery Pending Resolution of Motion for Judgment on the Pleadings [ECF No. 20]. Trustee L. Craig Kendrick opposed both Motions [ECF No. 25, 26], and Defendant filed a Reply in further support of both motions [ECF No. 29]. The Court heard oral argument on May 16, 2017. Defendant's Motion for Judgment on the Pleadings is well-taken, and the Court will grant the motion, mooting the Motion to Stay Discovery. However, Trustee will be granted leave to amend, as set forth below.

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(b). Venue is proper. 28 U.S.C. § 1409(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

Trustee filed a one-count Complaint on November 18, 2016, seeking only to avoid a lien filed on the "subject vehicle," a 2015 Ford Fusion. [ECF No. 1.] After all named defendants

filed Answers to the Complaint, Defendant moved for judgment on the pleadings, arguing that the subject vehicle was not an asset of Debtors' bankruptcy estate under § 541.[1]

To support its position, Defendant noted that the Complaint alleged that (a) Debtors executed a retail installment contract to purchase the subject vehicle from Defendant on August 25, 2016 (Complaint ¶¶ 7, 9); (b) Debtors filed a chapter 7 petition on August 26, 2016 (*id.* ¶ 4); and (c) an Ohio certificate of title for the subject vehicle was issued to Debtors on October 19, 2016 (*id.* ¶ 19, Exhibit C). Accordingly, the Complaint does not allege that Debtors were issued a certificate of title for the subject vehicle prior to filing their Chapter 7 petition.

"Section 541(a) of the Bankruptcy Code provides that, upon the filing of a petition in bankruptcy, an estate is created comprised of 'all legal or equitable interest of the debtor in property as of the commencement of the case.'" *In re Caddarette*, 362 B.R. 829, 831 (Bankr. N.D. Ohio 2006). While "[f]ederal law controls whether an interest in property becomes property of the bankruptcy estate … for purposes of § 541(a), the underlying property interest, itself, is created and defined by applicable non-bankruptcy law…." *Old Trail Ltd., Inc. v. Graham (In re Weldon Stump & Co., Inc.)*, 383 B.R. 435, 439 (Bankr. N.D. Ohio 2008).

Ohio has a statute that specifically addresses who may claim a motor vehicle as their property, which provides:

> (A) No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or any other person, shall acquire any right, title, claim, or interest in or to the motor vehicle until there is issued to the person a certificate of title to the motor vehicle, or there is delivered to the person a manufacturer's or importer's certificate for it, or a certificate of title to it is assigned as authorized by section 4505.032 of the Revised Code; and no waiver or estoppel operates in favor of such person against a person having possession of

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. References to the Federal Rules of Bankruptcy Procedure appear as "Bankruptcy Rule ___," and references to the Federal Rules of Civil Procedure appear as "Civil Rule __."

2

> the certificate of title to, or manufacturer's or importer's certificate for, the motor vehicle, for a valuable consideration.
>
> (B) … [N]o court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:
>
> (1) By a certificate of title ….

OHIO REV. CODE § 4504.  Trustee has not provided authority to support its argument that this statute does not apply.

Bankruptcy Rule 7012 incorporates Civil Rule 12(c), under which a party may move for a judgment on the pleadings when there is no dispute of material facts and the movant is entitled to a judgment as a matter of law.  *Rogan v. U.S. Bank, N.A. (In re Partin)*, 517 B.R. 770, 772 (Bankr. E.D. Ky. 2014).  There is no dispute of fact with respect to when Debtors filed their Chapter 7 petition, or when Debtors obtained a certificate of title for the subject vehicle.  Defendant has established that, taking the facts alleged in the Complaint as true, Defendant is entitled to a judgment on Count I of the Complaint as a matter of law because, under § 541 and Ohio law, the subject vehicle is not property of Debtor's bankruptcy estate.  Accordingly, Defendant's Motion for Judgment on the Pleadings is GRANTED.  Moreover, Count I cannot survive as pled as against any defendant in this case because the subject vehicle is not property of the estate.  Therefore, the Complaint is DISMISSED as against all defendants.

Because Count I is dismissed by this Order, Defendant's Motion for a Stay of Discovery pending ruling on the Motion for Judgment on the Pleadings is DENIED as moot.

However, in his Response to this Motion, Trustee requested leave to amend "to the extent JTOC's Motion is well taken." [ECF No. 26 at 1.]  Trustee reiterated that request at oral argument, at which Trustee and Defendant confirmed that Debtors executed a retail installment sale agreement with Defendant on the day before they filed the petition.  Trustee asserted in its

Response and at oral argument that Debtors' estate may include rights under or related to that contract.

      This Court has discretion to permit a party to file an amended pleading under Civil Rule 15(a)(2). *Spradlin v. Pryor Cashman LLP (In re Licking River Mining, LLC)*, 565 B.R. 794, 818 (Bankr. E.D. Ky. 2017). To seek leave to amend properly, a party should move for such relief and should not simply request leave in its response to a motion to dismiss. *Id*. at 817-19. Nevertheless, in exercising its discretion in this matter, the Court will grant the Trustee leave to file an amended pleading within 14 days from the date of this Memorandum Opinion and Order containing whatever claims the Trustee may seek to pursue related to the subject vehicle or the installment sale agreement. Should Trustee fail to file an amended pleading within 14 days, then the Court will issue a final judgment dismissing this case, with prejudice.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Thursday, May 18, 2017
(tnw)