**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

IN RE

JAMES ELESWORTH RISTER and                                 CASE NO. 16-21111
FRANCES LENORA RISTER

DEBTORS

L. CRAIG KENDRICK, TRUSTEE                                          PLAINTIFF

V.                                                             ADV. NO. 16-2010

JAMES ELESWORTH RISTER, *et al.*                            DEFENDANTS

**MEMORANDUM OPINION GRANTING
MOTION TO DISMISS WITH PREJUDICE**

About two months ago, this Court entered a Memorandum Opinion and Order dismissing

Trustee's initial Complaint on a Motion for Judgment on the Pleadings, holding that "under

§ 541 and Ohio law, the subject vehicle is not property of Debtor's bankruptcy estate." *Kendrick*

*v. Rister (In re Rister)*, Case No. 16-21111, Adv. No. 16-2010, 2017 Bankr. LEXIS 1359, at *5

(Bankr. E.D. Ky. May 18, 2017).  The Court also granted Trustee leave to replead, and Trustee

then filed the First Amended Complaint.  [ECF No. 36.]  Before the Court now is Defendant

Joseph T of C, Co.'s Motion to Dismiss [ECF No. 40] Trustee's First Amended Complaint.

Trustee opposed the Motion [ECF No. 41], and Defendant filed a Reply [ECF No. 44].  The

Court heard argument on July 18, 2017.  While the First Amended Complaint offers a new

theory of recovery, the Court concludes that the claims in the new pleading also fail to state a

claim upon which relief can be granted.

The Court has jurisdiction over this adversary proceeding.  28 U.S.C. § 1334(b).  Venue

is proper.  28 U.S.C. § 1409. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

Defendant contends that the First Amended Complaint merely recasts Trustee's prior claim and does not take into account the Court's recent ruling regarding what is property of Debtor's bankruptcy estate:

> Nothing in the Amended Complaint has changed the facts, legal issue or claim raised in the original Complaint: the Debtor still commenced this bankruptcy case on August 26, 2016, without having a certificate of title for the Ford Fusion, an Ohio certificate of title was not issued until October 19, 2016, and this Court has already held that, based on these facts, the Ford Fusion is not property of the Debtors' estate and that Joseph Toyota is entitled to judgment on the Trustee's claim for avoidance of lien.  In this second go-round, the Trustee seeks to relitigate the exact same facts, legal issue and claim previously decided in favor of Joseph Toyota in the Judgment.

[ECF No. 40 at 2.]  Defendant argues that Count I of the First Amended Complaint, seeking a declaratory judgment that the Ford Fusion is property of the estate, is barred because the motion seeks relief based on the same facts that the Court applied to dismiss the claim in Trustee's original complaint.  [*Id*. at 4.]  Defendant asserts that Count II, seeking to exercise Trustee's chapter 5 avoidance powers, should be dismissed because the relief sought thereunder is predicated upon a determination that the vehicle is property of the estate.

Trustee responds that the claims in the First Amended Complaint "differ from the allegations" in the original Complaint.  [ECF No. 41 at 1.]  Trustee states that he now asserts two plausible claims.  Trustee says Count I differs from the claim in the original Complaint because he now alleges that "the subject vehicle became property of the estate after the filing of bankruptcy on account of the contractual rights the Debtor possessed on the date of filing," whereas the claim in the original complaint was that the vehicle was property of the estate "as of the date of the filing of the bankruptcy."  [*Id*. at 4.]  Stated differently, "[w]hile the original complaint alleged that that the estate possessed rights in the car itself on the day the Debtor filed his case, the amended complaint relies on a theory that bankruptcy estate acquired rights in the vehicle after the bankruptcy had commenced."  [*Id*. at 5.]  Then, Count II of the First Amended

2

Complaint seeks to avoid a lien on the vehicle based on when the lien was granted.  Trustee

argues:

> The Trustee's theory relies on tracing the estate's rights in the vehicle back to the
> first retail installment contract.  The amended complaint is plausible despite the
> operation of O.R.C. 4504.04 because the post-petition transfer of the vehicle is
> product or proceed of the Debtor's pre-petition contractual rights, and therefore
> property of the estate pursuant to 11 U.S.C. 541(a)(6).  *See In re Nageleisen,* 527
> B.R. 258, 264 (Bankr. E.D. Ky. 2015).  As such, the Trustee has set forth a
> complete cause of action which should be allowed to proceed.

[*Id.*]

Therefore, as with the first Complaint, the issue presented on this motion is how to

determine what constitutes property of the estate under § 541.[1]  While Trustee's approach to

establishing why the vehicle should be considered property of the estate has changed, the end

result of his new argument remains the same because Trustee's new legal theory over-extends

*Nageleisen* and § 541(a)(6).

As stated in *Nageleisen*, "Section 541(a)(6) treats '[p]roceeds, product, offspring, rents or

profits of or from property of the estate' as estate property.  11 U.S.C. § 541(a)(6)."  *Schlarman*

*v. Nageleisen (In re Nageleisen)*, 527 B.R. 258, 264 (Bankr. E.D. Ky. 2015).  In *Nageleisen*, the

foreclosure sale of real estate that had been property of the debtor's estate yielded a right of

redemption under Kentucky law.  *Id.* at 262-63.  That right of redemption subsequently became

property of the estate as a "product or proceed" resulting from the sale of the real estate, which

was property of the estate until its sale.  *Id.* at 264-65.  In other words, by selling property of the

estate, a "product or proceed" resulted—a right of redemption—that then became property of the

estate.

In contrast, in this case, there was no sale of estate property.  The estate property at

issue—Debtor's contract rights—was not liquidated, resulting in a "product or proceed" that

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

became property of the estate.  While Debtor's contract rights became property of the estate

when the petition was filed, this does not transform the vehicle into a "product" or "proceed" of

the contract.  The vehicle is the subject of the contract, not a product or proceed of the contract.

Accordingly, Trustee relies upon *Nageleisen* in error.

Moreover, as stated in the Court's opinion granting Defendant's motion for judgment on

the pleadings, ownership of motor vehicles is dealt with under Ohio law in a very specific way.

*Nageleisen* acknowledges the role of state law with respect to the determination of what is

property of a bankruptcy estate:

> The filing of a chapter 7 petition creates a bankruptcy estate. "[F]ederal
> bankruptcy law"—particularly, § 541 of the Code— "dictates to what extent [an]
> interest is property of the estate." *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455,
> 461 (6th Cir. 2013) (quoting *Bavely v. United States (In re Terwilliger's Catering
> Plus, Inc.*), 911 F.2d 1168, 1172 (6th Cir. 1990).  But the "nature and extent of
> property rights in bankruptcy are determined by the 'underlying substantive law'"
> governing those interests. *Id.* (quoting *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15,
> 20, 120 S. Ct. 1951, 147 L. Ed. 2d 13 (2000)).  Here, Kentucky law speaks in two
> important respects to the "nature and extent" of rights of redemption, addressing
> in whose favor they arise and when.

*Nageleisen* at 262.  In this instance, Ohio law dictates the manner in which ownership of a motor

vehicle is effected in that state, and also precludes a finding that the vehicle is a "proceed" or

"product" of the underlying contract.

The Court already ruled that the vehicle is not property of the estate under Ohio law

because Debtor's name was not on its certificate of title at the time the petition was filed.  As

with the original Complaint and dismissal motion, there is no factual dispute with respect to

when Debtors filed their Chapter 7 petition, or when Debtors obtained a certificate of title for the

subject vehicle.  The vehicle is not a proceed or product of the contract.  Therefore, Defendant

has established that, taking the facts alleged in the First Amended Complaint as true, Defendant

is entitled to a dismissal of Trustee's claims as a matter of law because, under § 541 and Ohio

4

law, the subject vehicle was not property of Debtor's bankruptcy estate at the time of filing, and

Debtor's argument that the vehicle became estate property post-petition lacks merit.

Accordingly, Defendant's Motion to Dismiss is GRANTED. Moreover, the Amended

Complaint cannot survive as pled as against any defendant in this case because the subject

vehicle is not property of the estate.

Finally, this Court already granted leave to amend. Trustee has not sought leave to

replead again. The Court will not, *sua sponte*, grant further leave to amend. Therefore, the First

Amended Complaint will be DISMISSED as against all defendants, with prejudice. A separate

order will follow.

5

The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and
electronically entered by the Clerk in the official record of this case.



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Friday, August 04, 2017**
**(tnw)**